United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE EDUARDO RIOFRIO CASTILLO,<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION CENTER, *et al.*,<br>Respondents. | Case No. 1:26-cv-04748 (EJD)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 10 |

Petitioner Jose Eduardo Riofrio Castillo was arrested by U.S. Immigration and Customs Enforcement ("ICE") on November 29, 2025. Dkt. No. 10 ¶ 38. He filed this amended petition arguing that his current detention, and Respondents refusal to provide him with a bond hearing, violates 8 U.S.C. § 1226(a) of the Immigration and Nationality Act ("INA") and his due process rights. *See id*. ¶¶ 119–162. Respondents maintain that Petitioner's detention is lawful under 8 U.S.C. § 1226(c)(1)(E), which provides for mandatory detention during the pendency of removal proceedings. ECF No. 12 at 2–4. For the following reasons, the Petition is granted in part.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner entered the United States near the Yuma, Arizona border on or around December 12, 2022 and was encountered by a Border Patrol Agent. Dkt. No. 12 at 20. He was subsequently released from detention and instructed to report to ICE at a later date. *Id*. According to documents filed by Respondents, Petitioner failed to report. *Id*. Thereafter, Petitioner applied for asylum and began living in New Jersey with his family, who he financially supports. Dkt. No. 10 ¶¶ 44, 47–54.

On November 15, 2025, Petitioner was arrested for and charged with simple assault,

terrorist threats, and aggravated assault under N.J. Stat. Ann. § 2C:12-1(b)(1). *See* Dkt. No. 12 at 16. The charge for aggravated assault remains pending, and does not appear to have been dismissed or otherwise adjudicated by the New Jersey court. *See* Dkt. No. 14-1 at 10. Petitioner was transferred to ICE following his release from state custody on or around November 29, 2025. Dkt. No. 10 ¶ 38. He has now been detained for over ten months and has not been provided the opportunity to contest his continued detention at a bond hearing as Respondents maintain that his detention is mandatory under 8 U.S.C. § 1226(c)(1)(E)(ii). *See* Dkt. No. 12 at 4 ("Noncitizens detained under § 1226(c) have no statutory right to bond hearings.").

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

### A. Applicability of 8 U.S.C. § 1226(c)(1)(E)

"In January 2025, Congress amended § 1226(c) to subject additional categories of noncitizens who have had interactions with law enforcement to mandatory detention without a bond hearing." *Montalvan Reyes v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-00441-DC-JDP (HC), 2026 WL 760264, at *3 (E.D. Cal. Mar. 18, 2026) (citing Pub. L. No. 119-1, 139 Stat. 3 (2025)). Specifically, § 1226(c)(1)(E) makes detention mandatory for any non-

citizen charged as "inadmissible" for having entered the United States without inspection under 8 U.S.C. § 1182(a)(6)(A), and who "is charged with, is arrested for, [or] is convicted of … committing acts which constitute the essential elements of any … crime that results in death or serious bodily injury to another person[.]" 8 U.S.C. § 1226(c)(1)(E)(ii).

"For purposes of paragraph (1)(E), ... 'serious bodily injury' ha[s] the meanings given such terms in the jurisdiction in which the acts occurred." 8 U.S.C. § 1226(c)(2). Here, Petitioner was arrested and charged with N.J. Stat. Ann. § 2C:12–1(b)(1), which states that "[a] person is guilty of aggravated assault if the person: [a]ttempts to cause serious bodily injury to another…[.]" As such, "[a]ctual serious bodily injury need not occur" for an individual to be guilty of aggravated assault. *State v. Beeput*, No. A-4241-10T2, 2012 WL 5896549, at *3 (N.J. Super. Ct. App. Div. Nov. 26, 2012) (quoting N.J. Stat. Ann. § 2C:12–1(b)(1)). Given that actual serious bodily injury need not occur, "Petitioner's arrest for … aggravated assault in violation of N.J. Stat. Ann. § 2C:12–1(b)(1) does not satisfy the requirement of 8 U.S.C. § 1226(c)(1)(E)(ii), which applies when a noncitizen 'is charged with, is arrested for … acts which constitute the essential elements of ... any crime that *results in* death or serious bodily injury to another person.'" *Thelusma v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-01443-JLT-EPG-HC, 2026 WL 1162804, at *2 (E.D. Cal. Apr. 29, 2026), *report and recommendation adopted*, No. 1:26-CV-01443-JLT-EPG (HC), 2026 WL 2333529 (E.D. Cal. Aug. 12, 2026) (quoting 8 U.S.C. § 1226(c)(1)(E)(ii)) (emphasis added). Indeed, Respondents have offered no evidence—such as a police report, warrant of arrest, or criminal complaint—suggesting that serious bodily injury occurred as a result of Petitioner's actions.

**B. Due Process**

As § 1226(c)(1)(E) does not mandate Petitioner's detention, the Court turns next to his due process claim. Courts "examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (internal citations

United States District Court
Eastern District of California

omitted).

Courts in this district have consistently held that noncitizens who have been released from immigration custody pending civil removal proceedings have a protected liberty interest in remaining out of immigration custody. *See, e.g., Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025); *J.A.E.M. v. Wofford*, No. 1:25-CV-01380-KES-HBK (HC), 2025 WL 3013377, at *3–6 (E.D. Cal. Oct. 27, 2025); *Qazi v. Albarran*, No. 2:25-CV-02791-TLN-CSK, 2025 WL 3033713, at *4 (E.D. Cal. Oct. 10, 2025); *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035-JLT-HBK, 2025 WL 2495767, at *10 (E.D. Cal. Aug. 28, 2025); *Yang v. Kaiser*, No. 2:25-CV-02205-DAD-AC (HC), 2025 WL 2791778, at *8 (E.D. Cal. Aug. 20, 2025). And "[m]any district courts in the Ninth Circuit have found that non-citizens paroled into the United States … have a liberty interest in their continued release, entitling them to certain due process protections, the extent of which are determined by applying the test provided in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)." *Rocha Chavarria v. Chestnut*, No. 1:25-CV-01755-DAD-AC, 2025 WL 3533606, at *3 (E.D. Cal. Dec. 9, 2025). As Petitioner was previously paroled into the United States by Customs and Border Protection in 2022, he has a liberty interest in his continued freedom. Accordingly, the Court turns next to what process is due.

There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. All three factors weigh in favor of relief. Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for over three years. Further, "'the risk of an erroneous deprivation [of liberty] is high' where, as here, '[the petitioner] has not received any bond or custody redetermination hearing.'" *J.A.E.M.*, 2025 WL 3013377, at *7 (alterations in original) (quoting *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO (HC), 2025 WL 871334, at *5 (E.D.

Cal. Mar. 19, 2025)). Finally, "although the government has a strong interest in enforcing the immigration laws, the government's interest in detaining petitioner without a hearing is low." *J.A.E.M.*, 2025 WL 3013377, at *7 (internal quotations omitted). Courts generally have found that the cost of providing a custody hearing is relatively minimal, and there is nothing in the record before this Court demonstrating that providing Petitioner with a hearing would be fiscally or administratively burdensome. Accordingly, Petitioner is entitled to a hearing at which the Government must show Petitioner's continued detention is necessary.

However, the Court finds that a post-deprivation hearing, rather than a pre-deprivation hearing, is the appropriate remedy under these circumstances. Here, Petitioner was detained after he was arrested and charged with aggravated assault. Petitioner may have violated the terms of his release given the charge leading to his arrest by ICE. The relevant question, however, is whether these events constitute changed circumstances that would justify an immigration judge revoking Petitioner's release. *See Thelusma*, 2026 WL 1162804, at *6 (ordering post-deprivation hearing where petitioner had been arrested and charged with similar offenses).

## IV. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the Amended Petition for Writ of Habeas Corpus (Dkt. No. 10) is GRANTED in part. Respondents are ORDERED to provide Petitioner with a substantive bond hearing within fourteen (14) days at which the Government SHALL bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight if he is released. The hearing may be continued upon Petitioner's request, and he SHALL be allowed to have counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: September 30, 2026

EDWARD J. DAVILA
United States District Judge